1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          CENTRAL DISTRICT OF CALIFORNIA
10
11   **UNITED STATES OF AMERICA**,                Case No.:  2:25-cr-00646-MEMF
12                              Plaintiff,         **CRIMINAL STANDING ORDER**
13                v.
14
15   **FERNANDO FLORES**,
16                              Defendant.
17
18
19
20
21
22
23
24
25
26   **PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THE CASE AND DIFFERS IN**
27              **SOME RESPECTS FROM THE LOCAL RULES.**
28

Both the Court and all counsel bear responsibility for the progress of litigation in this Court. **"Counsel," as used in this Order, includes defendants appearing pro se.[1]** To secure the just determination of every action, "to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay," as required by Rule 2 of the Federal Rules of Criminal Procedure, all counsel, including pro se defendants, are ordered to be familiar with the Federal Rules of Criminal Procedure ("FED. R. CRIM. P."), the Local Criminal Rules of the Central District of California ("Local Criminal Rules"), the applicable Local Civil Rules of the Central District of California ("Local Civil Rules"),[2] and this Court's standing orders and online procedures and schedules.

**UNLESS THE COURT ORDERS OTHERWISE, THE FOLLOWING RULES APPLY.**

## I.    Invitation to Self-Identify Pronouns and Honorifics

Counsel may indicate their pronouns and honorifics and those of the defendant by filing a letter, adding the information in the name block or signature line of the pleadings, or verbally informing the Court when making an appearance.

## II.    Courtroom Decorum

The Court expects everyone in her courtroom to treat each other with dignity and respect. Therefore, at a minimum, she expects the following from all:[3]

- Being punctual and prepared for all court appearances.

- Speaking and writing civilly and respectfully in all communications involving the Court. This includes:

---

[1] This Court does not exempt defendants appearing without attorneys, also referred to as "pro se defendants" from compliance with the Federal Rules of Criminal Procedure, the Local Criminal Rules of the Central District of California ("Local Criminal Rules"), the applicable Local Civil Rules of the Central District of California ("Local Civil Rules"), and this court's standing orders and online procedures and schedules. *See* Local Civil Rules 1-3 and 83-2.2.3.

[2] "When applicable directly or by analogy, the Local [Civil] Rules of the Central District of California shall govern the conduct of criminal proceedings before the District Court, unless otherwise specified." Local Criminal Rule 57-1.

[3] For more detailed guidance, counsel are advised to refer to the Central District of California's Civility and Professionalism Guidelines, which can be found at http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines.

- Referring to and addressing witnesses, counsel, parties, and court personnel by their surnames, pronouns, and honorifics, unless leave to do otherwise is granted.
- Refraining from interrupting any other person in the courtroom when someone else is speaking. The same courtesy will be returned for every person.
- Refraining from making gestures, facial expressions, or audible comments as manifestations of approval or disapproval of testimony or argument.
- Being considerate of the time constraints and pressures on the Court and court staff inherent in their efforts to administer justice.
- Acting and speaking civilly to court marshals, court clerks, court reporters, secretaries, and law clerks with an awareness that they, too, are an integral part of the judicial system.

### III.    The Court's Calendar

Judge Frimpong typically begins her jury trials on Mondays at 8:30 a.m.

Judge Frimpong typically conducts final pretrial conferences and sentencings on Wednesday mornings and afternoons.

Judge Frimpong typically hears other motions and conducts initial status conferences and changes of plea on Thursday afternoons.

### IV.    Discovery and Notice Obligations

Counsel shall comply with all notice and discovery obligations set forth in Federal Rules of Criminal Procedure 12, 12.1, 12.2, 12.3, 12.4, 15, and 16. The Government shall promptly produce to counsel for the defendant any evidence falling within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Roviaro v. United States*, 353 U.S. 53 (1957), and *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). The parties are encouraged to produce witness statements pursuant to 18 U.S.C. § 3500 and Federal Rule of Criminal Procedure 26.2 sufficiently in advance of trial or other proceeding to avoid delays. Defense counsel is reminded of its reciprocal discovery obligations pursuant to Federal Rule of Criminal Procedure 26 and should promptly produce such materials to avoid delay at trial. Counsel for the government

3

shall also disclose to counsel for defendant the existence or non-existence of: (1) evidence obtained by electronic surveillance; and (2) testimony by a government informant. A violation of this order or the government's obligations under *Brady*, *Giglio*, *Roviaro*, or *Henthorn* may lead to a finding of contempt, imposition of sanctions, referral to a disciplinary authority, adverse jury instructions, exclusion of evidence, and dismissal of charges.

Counsel shall meet and confer to resolve discovery disputes informally prior to filing a motion to compel discovery. All discovery motions shall state with particularity what is requested, the basis for the request, whether the discovery at issue has been requested, and opposing counsel's response to such request. The Court may decline to hear discovery motions made without prior consultation with opposing counsel.

**V.    Bail Review**

Any request for bail review based on changed circumstances or information not previously presented to the Magistrate Judge shall be addressed in the first instance to the Magistrate Judge and shall be served on both opposing counsel and Pretrial Services.

**VI.    General Requirements**

**A.    Filings**

The captioned title of every filing shall contain: (a) the name of the first-listed defendant as well as the name(s) and number(s) (in the order listed in the Indictment) of the particular defendant(s) to whom the filing applies, unless the document applies to all defendants; (b) the individual defendant's registration number when applicable to the relief requested (*e.g.*, requests for transfer, medical requests); and (c) the milestone dates for Indictment, Final Pretrial Conference, Trial, and Last Day of the speedy trial period.

All parties shall docket items only as to the particular defendant(s) to whom the item pertains, rather than all defendants, unless the item pertains to all. Except for documents filed under seal or in camera, every document shall be filed electronically in such a way that it is clear from the docketing entry to which defendant(s) it applies. The outer envelope containing any document filed under seal or in camera should identify the case title by the first-listed defendant and case number only and should state that the document is being filed under seal or in camera.

4

**B.    Pre-Filing Requirements for Motions**

Counsel must meet and confer with opposing counsel "to discuss thoroughly the substance of any contemplated motion and any potential resolution" thereof. Local Criminal Rule 57-1; Local Civil Rule 7-3. Counsel shall discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court.

**C.    Time for Filing and Hearing Motions**

Motions shall be filed in accordance with Federal Rule of Criminal Procedure 47 and Local Criminal Rule 49, et seq., unless superseded by this Order. The Court typically hears motions in criminal actions on **Thursdays, beginning at 2 p.m.**

All pretrial motions, including motions to suppress evidence, motions to bifurcate or sever, and motions concerning character evidence under Federal Rule of Evidence 404(b), shall be noticed for a Thursday that is mutually agreed to by counsel. It is not necessary to clear a hearing date with the Courtroom Deputy Clerk before filing a motion, but counsel must ensure that the date selected is a date that is open on the Court's calendar by consulting Judge Frimpong's webpage at https://www.cacd.uscourts.gov/honorable-maame-ewusi-mensah-frimpong. The parties should not calendar a matter on a Thursday that is a court holiday or a date that is closed on the Court's calendar. If this occurs, the Court will re-calendar the matter for another Thursday.

For all motions other than motions in limine, the briefing schedule is as follows:

- Motion: Must be filed no later than forty-two (42) days prior to the hearing date on the Motion;

- Opposition: Must be filed no later than fourteen (14) days after the filing of the initial Motion;

- Reply: Must be filed no later than seven (7) days after the Opposition.

All motions must be properly noticed for hearing no later than the date of the Final Pretrial Conference.

The parties must adhere to the briefing schedule set forth herein to afford the Court adequate time to prepare for the hearing; however, the parties may stipulate to an alternate briefing schedule contingent upon approval by the Court. Failure to comply with these deadlines may result in the

1  Court declining to consider the untimely memorandum or other document. Local Criminal Rule 57-

2  1; Local Civil Rule 7-12.

3       **D.    Length and Format of Motion Papers**

4       Memoranda of points and authorities in support of or in opposition to motions (besides

5  motions in limine) shall not exceed twenty-five (25) pages. Replies shall not exceed twelve (12)

6  pages. Only in rare instances and for good cause shown will the Court grant an application to

7  extend these page limitations. No supplemental brief shall be filed without prior leave of court. All

8  briefing must use Times New Roman or Courier font. Text must be no less than twelve (12) point

9  font; footnotes shall be no less than eleven (11) point font.

10      Counsel shall adhere to Local Rule 5-4.3 with respect to the conversion of all documents

11  to .pdf format so that when a document is electronically filed, it is in proper size and is .pdf

12  searchable. Further, all documents shall be filed in a format so that text can be selected, copied, and

13  pasted directly from the document. *See* Local Rule 5-4.3.1.

14      **E.    Proposed Orders**

15      Each party filing or opposing a motion or seeking the determination of any matter shall serve

16  and electronically lodge a proposed order setting forth the relief or action sought and a brief

17  statement of the rationale for the decision with appropriate citations. In addition, a copy of the

18  proposed order in Word format shall be emailed directly to the Court's chambers email address at

19  MEMF_Chambers@cacd.uscourts.gov on the day the document is electronically filed.  **A template**

20  **for proposed orders is available on Judge Frimpong's webpage.**[4] **The parties must use this**

21  **template.** Failure to submit a proposed order in Word format may result in the Court striking the

22  motion, application, or stipulation.

23      **F.    Chambers Courtesy Copies and Emailed Submissions**

24      The Court does not require chambers copies of any motion papers or exhibits and

25  discourages the parties from sending chambers courtesy copies, unless otherwise specified. All

26

27  _____

28  [4] Judge Frimpong's webpage can be found at https://www.cacd.uscourts.gov/honorable-maame-ewusi-mensah-frimpong.

emailed submissions to Chambers referred to in this Order must be in Word format and emailed to MEMF_Chambers@cacd.uscourts.gov.

### G.    Calendar Conflicts

If any counsel discovers a calendar conflict with a scheduled appearance in a court of a more senior district judge, counsel must inform opposing counsel and the Courtroom Deputy Clerk via chambers email address at: MEMF_Chambers@cacd.uscourts.gov as soon as possible and no later than three (3) business days before the scheduled appearance. Counsel should attempt to agree on a new date to accommodate the calendar conflict. Counsel must propose a new date by filing a Stipulation and [Proposed] Order and emailing to Chambers the Proposed Order.

### H. Continuances

Any request for continuance of pretrial and/or trial dates must be by motion, stipulation, or application, and must be supported by a declaration setting forth the reasons for the requested relief. The declaration must contain a highly detailed factual showing of good cause and due diligence demonstrating the necessity for the continuance and a description of the parties' efforts, dating back to the filing of the complaint, of the steps they have taken to advance the litigation. This detailed showing must demonstrate that the work still to be performed reasonably could not have been accomplished within the applicable deadlines. General statements are insufficient to establish good cause. The declaration should also include whether any previous requests for continuances have been made and whether these requests were granted or denied by the Court.

A list of counsel's upcoming scheduled trials in other actions will not support a showing of good cause absent the following information regarding each such action listed: (1) the case name, case number, court where the action is pending, and the initials of the district judge or name of the state court judge assigned to the action; (2) the age of the action; (3) the nature of the offense(s) charged and complexity of the action; (4) the scheduled trial date; (5) the estimated length of trial; (6) the number of continuances previously granted; (7) the parties' trial readiness; (8) the estimated likelihood a future continuance will be requested; and (9) the likelihood the trial will proceed on the scheduled date.

Counsel shall avoid submitting requests for continuance of trial less than one (1) week prior to the Final Pretrial Conference. **Counsel shall also clear any proposed trial dates with the Courtroom Deputy Clerk by contacting the Court's chambers email address at MEMF_Chambers@cacd.uscourts.gov.**

Stipulations extending dates set by the Court are not effective unless approved by the Court, and without compelling factual support and a showing of due diligence, stipulations continuing dates set by the Court will be denied.

### I. Ex Parte Applications

Counsel are reminded that ex parte applications are solely for extraordinary relief. Applications that do not meet the requirements set forth in Local Rule 7-19 will not be considered. Sanctions may be imposed for misuse of ex parte applications. The Court considers ex parte applications on the papers and usually does not set these matters for hearing.

## VII. Trial Preparation

### A. Motions in Limine

Motions in limine will generally be heard and ruled upon at the Final Pretrial Conference. The court may rule orally instead of in writing. All motions in limine must be filed at least twenty-eight (28) days before the Final Pretrial Conference. Oppositions must be filed at least fourteen (14) days before the Final Pretrial Conference. There shall be no replies. Motions in limine and oppositions must not exceed ten (10) pages in length.

Before filing a motion in limine, the parties must meet and confer to determine whether the opposing party intends to introduce the disputed evidence and attempt to reach an agreement that would obviate the need for the motion. Motions in limine should address specific issues (e.g., not "to exclude all hearsay"). The court may strike without further notice excessive, unvetted, or untimely motions in limine.

### B. Expert Witness Testimony

The Court expects that all expert witness testimony will conform to the applicable guidance set forth in the U.S. Department of Justice Uniform Language for Testimony and Reports found at: https://www.justice.gov/olp/uniform-language-testimony-and-reports. To the extent that the parties

anticipate that any expert witness testimony will not conform to this guidance or that there is no applicable guidance, the parties are to raise this with the Court via a motion in limine for decision at the Final Pretrial Conference.

**C.  Schedule for Filing Pretrial Documents**

The government shall file and email to Chambers the following pretrial documents in Word version no later than one week and one day before the Final Pretrial Conference:

- o  Trial memorandum;
- o  Witness list;
- o  Exhibit list;
- o  Case-specific glossary for the Court Reporter;
- o  Joint jury instructions in the form described below;
- o  Joint proposed verdict form; and
- o  Proposed voir dire questions, if any.

**D.  Requirements for Pretrial Documents**

**1.  Trial Memorandum**

The government's trial memorandum shall set forth the following:

- o  Factual summary of the government's case-in-chief;
- o  Statement of the charges and the elements of each charge;
- o  Time estimate of the length of the government's case-in-chief, including anticipated cross-examination; and
- o  Discussion of relevant legal and evidentiary issues as applied to the facts of the particular case.

The government shall specify, after a meet and confer, whether the parties agree or disagree the aforementioned matters.

**2.  Witness List**

Witness lists must be in the format specified in Local Rule 16-5 and must include for each witness (1) a brief description of the testimony; (2) the reasons the testimony is unique and not redundant; and (3) a time estimate in hours for direct and cross-examination. The parties must use

the template posted to Judge Frimpong's webpage. The list should include defense witnesses to the extent the defense does not object to disclosure.

Any Amended Witness List must be filed and emailed to Chambers by 12:00 p.m. (noon) on the Friday before trial.

### 3. Exhibit List

Exhibit lists must be in the format specified in Local Rule 16-6 and shall include an additional column stating any objections to authenticity and/or admissibility and the reasons for the objections, and a column for any responses to the objections. The parties must use the template posted to Judge Frimpong's webpage. The list should include defense exhibits to the extent the defense does not object to disclosure.

Any Amended Joint Exhibit List shall be filed and emailed to Chambers by 12:00 p.m. (noon) on the Friday before trial.

### 4. Case-Specific Glossary

The parties must provide a case-specific glossary for the Court Reporter that includes applicable medical, scientific, or technical terms, gang terms, slang, the names and spellings of case names likely to be cited, street/city/country names, all parties/agents/departments/entities involved in the case, names of people interviewed/deposed, names of family members, friends, or others who might be mentioned, and other case-specific terminology.

### 5. Jury Instructions

The parties must make every effort to agree upon jury instructions before submitting proposals to the Court. The Court expects the parties to agree on the substantial majority of instructions, particularly when pattern or model jury instructions exist and provide a statement of applicable law. The parties shall meet and confer regarding jury instructions in a timely manner.

The parties shall file and email to Chambers clean and redline sets of: (1) their Joint Agreed Upon Proposed Jury Instructions; and (2) their Disputed Jury Instructions. The redline sets shall include all modifications made by the parties to pattern or model jury instructions, any disputed language, and the factual or legal basis for each party's position as to each disputed instruction. Where appropriate, the disputed instructions shall be organized by subject, so that instructions that

address the same or similar issues are presented sequentially. If there are excessive or frivolous

disagreements over jury instructions, the Court will order the parties to meet and confer

immediately until they substantially narrow their disagreements.

**Sources:** When the *Manual of Model Jury Instructions for the Ninth Circuit*[5]

provides an applicable jury instruction, the parties should submit the most recent version, modified

and supplemented to fit the circumstances of the case. Where no Ninth Circuit instruction applies,

the parties should consult the current edition of O'Malley, et al., *Federal Jury Practice and

Instructions*. The parties may submit alternatives to these instructions only if there is a reasoned

argument that they do not properly state the law or are incomplete. The Court seldom gives

instructions derived solely from case law.

**Format:** Each requested instruction shall: (1) cite the authority or source of the

instruction; (2) be set forth in full; (3) be on a separate page; (4) be numbered; (5) cover only one

subject or principle of law; and (6) not repeat principles of law contained in any other requested

instruction. If a standard instruction has blanks or offers options (*e.g.*, for gender[6]), the parties must

fill in the blanks or make the appropriate selections in their proposed instructions.

**Index:** All proposed jury instructions must have an index that includes the following

for each instruction, as illustrated in the example below:

- the number of the instruction;
- the title of the instruction;
- the source of the instruction and any relevant case citations; and
- the page number of the instruction.

/ / /

/ / /

---

[5] The Manual of Model Jury Instructions for the Ninth Circuit may be found on the Ninth Circuit's website at
https://www.ce9.uscourts.gov/jury-instructions/model-civil.
[6] Per the Court's Standing Order, litigants and counsel may indicate their honorifics by filing a letter, adding
the information in the name block or signature line of the pleadings, or verbally informing the Court when
making an appearance.

*Example:*

**Instruction**

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Conspiracy-Elements | 9th Cir. 8.5.1 | 1 |

Counsel also shall list the instructions in the order they will be given and indicate whether the instruction shall be read before opening statements, during trial, or before closing arguments.

During the trial and before closing argument, the Court will meet with the parties to settle the instructions. At that time, the parties will have an opportunity to make an oral record concerning their objections. Each member of the jury will be given their own copy of the instructions during deliberations.

### 6. Joint Verdict Forms

The parties shall make every effort to agree on a verdict form before submitting proposals to the Court. If the parties are unable to agree on a verdict form, the parties shall file and email to Chambers one document titled "Competing Verdict Forms" which shall include: (1) the parties' respective proposed verdict form; (2) a redline of any disputed language; and (3) the factual or legal basis for each party's respective position.

### 7. Proposed Voir Dire Questions

The Court will conduct the voir dire. In most cases, the Court will question all prospective jurors in the jury panel. The Court asks prospective jurors basic biographical questions (jurors' place of residence, employment, whether familiar with the parties or counsel, etc.), as well as questions going to their ability to be fair and impartial and carry out the duties required. The Court may ask additional case-specific questions. The parties may file and email to Chambers any proposed case-specific voir dire questions for the Court's consideration. If it considers the questions proper, the Court will pose the questions to the prospective jurors.

All challenges for cause and all *Batson* challenges shall be made at side bar or otherwise outside the prospective jurors' presence. The Court will not necessarily accept a stipulation to a challenge for cause.

## VIII.    Trial Exhibits

### A. General Requirements

Trial exhibits that consist of documents and photographs must be submitted to the Court in three-ring binders. The parties shall submit to the Court three (3) sets of binders: one (1) original set of trial exhibits, and two (2) copies of trial exhibits. The original set of exhibits shall be for use by the jury during its deliberations, and the copies are for the Court. *The parties must prepare additional copies of exhibits for their own use and for use by witnesses.* The parties must review the exhibit list and exhibit binders with the Courtroom Deputy Clerk before the admitted exhibits will be given to the jury.

All exhibits placed in three-ring binders must be indexed by exhibit number with tabs or dividers on the right side. Exhibits shall be numbered sequentially 1, 2, 3, etc., *not* 1.1, 1.2, etc. *See* Local Rule 16-6. Every page of a multi-page exhibit must be numbered. Defendant's exhibit numbers shall not duplicate the government's numbers. The spine of each binder shall indicate the volume number and the range of exhibit numbers included in the volume.

- The *original exhibits* shall bear the official exhibit tags (yellow tags for the government's exhibits and blue tags for Defendant's exhibits) affixed to the front upper right-hand corner of the exhibit, with the case number, case name, and exhibit number stated on each tag. Tags may be obtained from the Clerk's Office, or the parties may print their own exhibit tags using Forms G-14A and G-14B on the "Court Forms" section of the Central District of California's website.

- The *copies of exhibits* must bear copies of the official exhibit tags that were placed on the original exhibits and be indexed with tabs or dividers on the right side.

In addition to the three (3) sets of binders above, the parties must also submit to the Court a USB flash drive containing .pdf versions of all exhibits. The USB flash drive must be delivered to the judge's courtesy box located outside the Clerk's Office on the 4th floor of the courthouse by

12:00 p.m. on Friday, three (3) days before the start of trial. The government's exhibits must be placed in a separate folder from Defendant's exhibits, and the document file names *must* include the exhibit number and a brief description of the document (*e.g.*, "Ex. 1 – Smith Declaration.pdf" or "Ex. 105 –Letter Dated 1-5-20.pdf").

Exhibits such as firearms, narcotics, etc., must remain in the custody of a law enforcement agent during the pendency of the trial. It shall be the responsibility of the agent to produce any such items for court, secure them at night, and guard them at all times while in the courtroom. The United States Marshals Service shall be advised well in advance if weapons or contraband is to be brought into the courthouse.

A copy of the exhibit list with all admitted exhibits will be given to the jury during deliberations. Government and defense counsel shall review and approve the exhibit list with the Courtroom Deputy Clerk before the list is given to the jury.

Counsel shall not attempt to display or use any charts or enlargements of exhibits unless all counsel have agreed to their use or objections have been heard and a ruling has been made by the Court.

**B. Defense Submissions**

The Court prefers that defense counsel deliver defense exhibits to the Courtroom Deputy Clerk on the first day of trial, but counsel are not required to do so unless these exhibits have previously been provided to the government. Defense counsel are responsible for affixing completed exhibit tags with the case name and case number to all exhibits to be used in defendant's case.

Defense counsel shall provide the Court with three copies of defense exhibits as they are introduced during trial if they have not previously been provided.

Defense counsel shall provide the government, the Courtroom Deputy Clerk and the Court Reporter with the defense witness list and the defense exhibit list at the start of the defense case, at the latest.

/ / /

/ / /

### C. Audio/Visual Equipment and Other Electronic Equipment

The Court provides audio/visual equipment for use during trial. The parties are encouraged to use it. More information is available at: http://www.cacd.uscourts.gov/clerk-services/courtroom-technology. The Court does not permit exhibits to be "published" to the jurors before they are admitted into evidence. Once admitted, exhibits may be displayed electronically using the equipment and screens in the courtroom.

If electronic equipment must be brought into the courtroom for trial, counsel shall make prior arrangements with the Court Security. Notice must be given to the Courtroom Deputy Clerk at MEMF_Chambers@cacd.uscourts.gov no later than four (4) days before trial.

### IX.    Materials to Present on First Day of Trial

The government must present the following materials to the Courtroom Deputy Clerk on the first day of trial:

1. Three (3) copies of the indictment/information;
2. Three (3) copies of the government's witness list;
3. Three (3) copies of the government's exhibit list; and
4. The *three sets of binders* described above, with one (1) original set of trial exhibits for the jury, and two (2) copies of trial exhibits for the Court.

### X.    Court Reporter

Any party requesting special court reporter services for any hearing, such as "Real Time" transmission or daily transcripts, shall notify Court Reporting Services at least fourteen (14) days before the hearing date.[7]

### XI.    Daily Schedule for Jury Trials

On the first day of trial, Court will commence at 8:30 a.m. and conclude at approximately 5:00 p.m., with a one-hour lunch break and two fifteen-minute breaks. The parties must appear at 8:30 a.m. to discuss preliminary matters with the Court. The Court will call a jury panel only when it is satisfied the case is ready for trial. Jury selection usually takes only a few hours. The parties

---

[7] Additional information regarding Court Reporting Services may be found on the Central District of California website at http://www.cacd.uscourts.gov/court-reporting-services.

should be prepared to proceed with opening statements and witness examination immediately after jury selection.

The parties may choose to proceed with the Court's normal trial schedule or an alternate schedule for the remaining days of trial. The alternate schedule will be 8:30 a.m. to 2:30 p.m. with two (2) 20-minute breaks. The parties should meet and confer about their preferred schedule and be prepared to state their preference at the Final Pretrial Conference.

All counsel must anticipate matters that may need to be addressed outside of the presence of the jury and raise them at 8:30 a.m., during breaks, or at the end of the day. The Court is not in the practice of requiring jurors to sit idly by while counsel discuss matters that should have been addressed previously. Counsel are urged to consider any unusual substantive or evidentiary issues that may arise and to advise the Court of such issues. Short briefs (no more than five pages) addressing such disputed issues are welcome. The Court strongly discourages sidebars during trial.

## XII.    Conduct of Attorneys and Parties

### A.  Meeting and Conferring Throughout Trial

The parties *must* continue to meet and confer on all issues that arise during trial. The Court will not rule on any such issue unless the parties have attempted to resolve it first.

### B.  Opening Statements, Witness Examinations, and Summation

Counsel must use the lectern. Counsel should not consume jury time by writing out words and drawing charts or diagrams. All such aids must be prepared in advance. When appropriate, the Court will establish and enforce time limits for all phases of trial, including opening statements, closing arguments, and the examination of witnesses.

### C.  Objections to Questions

Counsel must not make speaking objections before the jury or otherwise make speeches, restate testimony, or attempt to guide a witness.

When objecting, counsel must rise to state the objection and state only that counsel objects and the legal grounds for the objection. If counsel wishes to argue an objection further, counsel must seek permission from the Court to do so.

/ / /

**D. General Decorum While in Session**

1. Counsel must not approach the Courtroom Deputy Clerk, the jury box, or the witness stand without court authorization and must return to the lectern when the purpose for the approach has been accomplished.

2. Counsel must rise when addressing the Court, and when the Court or the jury enters or leaves the courtroom, unless directed otherwise.[8]

3. Counsel must address all remarks to the Court. Counsel must not address the Courtroom Deputy Clerk, the court reporter, persons in the audience, or opposing counsel. Any request to re-read questions or answers shall be addressed to the Court. Counsel must ask the Court's permission to speak with opposing counsel.

4. Counsel must not address or refer to witnesses or parties by first names alone, except for witnesses who are below age fourteen (14).

5. Counsel must not offer a stipulation unless counsel have conferred with opposing counsel and have verified that the stipulation will be acceptable. *Any stipulation of fact will require the defendant's personal concurrence, must be explained to the defendant in advance, and shall be submitted to the Court in writing for approval.*

6. Counsel must not leave counsel table to confer with any person in the back of the courtroom without the Court's permission.

7. Counsel must not make facial expressions, nod, shake their heads, comment, or otherwise exhibit in any way any agreement, disagreement, or other opinion or belief concerning the testimony of a witness or argument by opposing counsel. Counsel shall instruct their clients and witnesses not to engage in such conduct.

8. Counsel must never speak to jurors under any circumstance, and must not speak to co-counsel, opposing counsel, witnesses, or clients if the conversation can be overheard by jurors. Counsel must instruct their clients and witnesses to avoid such conduct.

---

[8] In the event that a disability prevents a party from doing so, the party is advised to inform the Court in advance.

9. Where a party has more than one lawyer, only one attorney may conduct the direct or cross-examination of a particular witness or make objections as to that witness.

10. Bottled water is permitted in the courtroom. Food and other beverages are not permitted. Cell phones must be silenced or may be confiscated.

### E.  Punctuality

1. The Court expects the parties, counsel, and witnesses to be punctual. Once the parties and their counsel are engaged in trial, the trial must be their priority. The Court will not delay progress of the trial or inconvenience jurors.

2. If a witness was on the stand at the time of a recess or adjournment, the party that called the witness shall ensure the witness is back on the stand and ready to proceed as soon as trial resumes.

3. The parties must notify the Courtroom Deputy Clerk in advance if any party, counsel, or witness requires a reasonable accommodation based on a disability or other reason.

4. No presenting party may be without witnesses. If a party's remaining witnesses are not immediately available, thereby causing an unreasonable delay, the Court may deem that party to have rested.

5. The Court generally will accommodate witnesses by permitting them to be called out of sequence. Counsel should meet and confer in advance and make every effort to resolve the matter.

### F.  Exhibits

1. Counsel must keep track of their exhibits and exhibit list, and record when each exhibit has been admitted into evidence.

2. Counsel are responsible for any exhibits they secure from the Courtroom Deputy Clerk and must return them before leaving the courtroom.

3. Any exhibit not previously marked must be accompanied by a request that it be marked for identification at the time of its first mention. Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned.

4. Counsel must inform the Courtroom Deputy Clerk of any agreements reached regarding

any proposed exhibits, as well as those exhibits that may be received into evidence without a motion to admit.

5. When referring to an exhibit, counsel must refer to its exhibit number. Counsel should instruct their witnesses to do the same.

6. Counsel should not ask witnesses to draw charts or diagrams or ask the Court's permission for a witness to do so. All demonstrative aids must be prepared fully in advance of the day's trial session.

7. Counsel are required to seek to admit any items of evidence whose admissibility has not yet been stipulated to while the witness authenticating the exhibit is on the stand, so that any issues or concerns that arise may be addressed immediately.

**XIII.**   **Sentencing**

   **A. Original Sentencing Proceedings**

Once set, the sentencing hearing shall not be continued absent a detailed, substantial showing of good cause. No later than fourteen (14) days before the hearing, each party shall submit either a sentencing memorandum or a written notice of intent not to file one. Any objections to the presentence report, including the JSIN data and any proposed conditions of supervised release are due fourteen (14) days after the presentence report in accordance with Federal Rule of Criminal Procedure 32. Either party may elect to combine its sentencing memorandum and objections to the presentence report into the same document; if so, it is due on the timeline dictated by Rule 32—that is, fourteen (14) days after the presentence report.

The parties are ordered to advise the Courtroom Deputy Clerk by the Friday before the sentencing hearing if possible if they intend to present any live witnesses or zoom witnesses.

If there are any non-English-speaking victims who will be present, the government is ordered to provide interpreters for the entire sentencing proceeding.

Before considering any sentencing video, the Court requires counsel to create a transcript and provide the video and transcript to opposing counsel at least twenty-one (21) days before the hearing.

1       The Court does not permit sentencing documents to be filed under seal except as strictly

2 necessary and justified. When necessary, a sentencing document may be filed under seal along with

3 a redacted version that deletes the confidential information and that justifies each deletion (*e.g.*,

4 "medical information").

5     **B.  Supervision Violation Proceedings**

6       Any material submitted for a hearing on an alleged or adjudicated violation of supervision

7 shall be filed, when possible, seven (7) days before the hearing, and otherwise no later than two (2)

8 court days, absent a showing of good cause set forth in a supporting declaration and court approval.

9 **XIV.  Electronic Filings**

10       Counsel shall comply with the requirements set forth in Local Rule 49-1 on electronic filing.

11 **XV.  Sealing**

12       Counsel shall comply with Local Rule 49-1 with respect to under seal filings.

13

14 IT IS SO ORDERED.

15

16   Dated: August 28, 2025           _____

17                  MAAME EWUSI-MENSAH FRIMPONG

18                    United States District Judge

19

20

21

22

23

24

25

26

27

28